IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**DAVID MARSHALL**                                                                   **PLAINTIFF**

v.                                                 **CIVIL ACTION NO. 2:20-CV-146-KS-RHWR**

**KILOLO KIJAKAZI,**
*Acting Commissioner of Social*
*Security Administration*                                              **DEFENDANT**

### ORDER

For the reasons provided below, the Court **adopts** the Magistrate Judge's Report and Recommendations [16] as the opinion of the Court, **overrules** Plaintiff's objection [17] thereto, and **affirms** the decision of the Commissioner. This case is **closed**.

### A.     *Background*

Plaintiff seeks judicial review of the Commissioner's decision denying his application for Supplemental Security Income under Title XVI of the Social Security Act. The Social Security Administration denied Plaintiff's application, and his request for reconsideration of that denial. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"). The ALJ ultimately found that Plaintiff was not disabled within the meaning of the Social Security Act. The Appeals Council denied Plaintiff's request for review, and Plaintiff appealed to this Court. The Magistrate Judge entered a Report and Recommendation [16] that the Court should affirm the Commissioner's decision. Plaintiff objects [17].

### B.     *Standard of Review*

When a party objects to a Magistrate Judge's report and recommendation, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. 636(b)(1). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.* However, this does not require the Court to reiterate every point addressed in the Magistrate Judge's recommendation or make new findings of fact on the record. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000); *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Rather, as stated above, the Court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. 636(b)(1).

The Court reviews the Commissioner's denial of Social Security benefits "only to ascertain whether (1) the final decision is supported by substantial evidence and (2) whether the Commissioner used the proper legal standards to evaluate the evidence." *Salmond v. Berryhill*, 892 F.3d 812, 816-17 (5th Cir. 2018). The Court does not "reweigh the evidence in the record, try the issues *de novo*, or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Id.* at 817. "A decision is supported by substantial evidence if credible evidentiary choices or medical findings support the decision. Substantial evidence is more than a mere scintilla but less than a preponderance." *Id.* (citations

and punctuation omitted).

### *C.   Discussion*

The sole issue on appeal is whether the ALJ properly considered the opinion of Plaintiff's consulting psychologist and neuropsychologist, Dr. Joanna McCraney, in determining Plaintiff's residual functional capacity. As the Magistrate Judge correctly noted, federal regulations no longer require an ALJ to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical findings, including those from [a plaintiff's] sources." 20 C.F.R. § 404.1520c(a). Rather, "[f]or claims filed after March 27, 2017, an ALJ instead considers a list of factors in determining what weight, if any, to give a medical opinion." *Webster v. Kijakazi*, 19 F.4th 715, 719 (5th Cir. 2021). "The most important factors in determining the persuasiveness of a medical source are whether the source's medical opinion is based on 'objective medical evidence and supporting explanations' and the 'consistency' of the source's opinion with the evidence from other medical and nonmedical sources in the claim." *Id.* An "ALJ is free to reject the opinion of any physician when the evidence supports a contrary conclusion." *Hollinger v. Kijakazi*, 857 F. App'x 213, 214 (5th Cir. 2021). He or she "does not need to comment on every piece of evidence, but only must build an accurate and logical bridge between the evidence and the final determination." *Price v. Astrue*, 401 F. App'x 985, 986 (5th Cir. 2010).

Here, the ALJ specifically addressed Dr. McCraney's conclusion that Plaintiff

"was unlikely to interact with other people or cope with typical pressures and frustrations of an eight-hour workday without exacerbation of psychiatric symptoms." Administrative Record [10], at 32. The ALJ found this conclusion "unpersuasive" because the record lacked "objective medical evidence to establish a longitudinal history of significant, chronic psychological related difficulty . . . ." *Id.* Although Plaintiff had been prescribed medication, he wasn't taking it, and his prison medical records did not reveal a history of "serious, chronic psychological difficulty." *Id.* Rather, McCraney's opinions were based solely on Plaintiff's subjective complaints, rather than objective medical evidence. *Id.* at 32-33.

Moreover, the State Agency's reviewing consultant, Dr. Glenda Scallorn, examined Plaintiff and found that he had only "mild" restrictions and/or difficulties understanding, remembering, or applying information; interacting with others; concentrating, persisting, or maintaining pace; and adapting or managing himself. *Id.* at 33. Scallorn disagreed with McCraney's opinions, noting that Plaintiff had provided "inconsistent reports." *Id.* Specifically, he said "he had no friends," but "he was living on a friend's property, and he went to a friend's house to cook and do laundry and/or to hang out with friends daily." *Id.* Although Plaintiff claimed to have "problems with anger management and behavior control," he "had no history of conflicts within [the] community or with legal authorities since his release from prison." *Id.* Additionally, Scallorn observed Plaintiff and found him to be "alert and fully oriented," "pleasant and cooperative," maintaining "good eye contact and social

4

interaction skills." *Id.* He exhibited no "psychotropic agitation or retardation," or "indication of delusional focus." *Id.* In summary, Dr. Scallorn found that Plaintiff "was capable of performing routine, repetitive tasks, interacting appropriately with others and completing tasks depending on his desire to do so," and that his alleged presentation at McCraney's evaluation was not supported by MDOC records or Scallorn's own observations. *Id.*

Here, the ALJ addressed all the evidence and considered Plaintiff's consulting physician's opinions, but ultimately rejected them. The ALJ provided a detailed, lengthy opinion, discussing the evidentiary record and providing logical reasons for his credibility determinations, weighing of the evidence, and ultimate decision. He specifically noted the lack of objective medical evidence supporting Dr. McCraney's opinions and the inconsistencies in Plaintiff's representations.

Plaintiff apparently argues that the ALJ committed legal error by rejecting the opinions of Dr. McCraney solely because McCraney considered Plaintiff's subjective representations and complaints. This, however, is a misrepresentation of the record. The ALJ did, in fact, consider Plaintiff's representations and subjective complaints, but he ultimately discounted them because they were both internally inconsistent and inconsistent with the other evidence. This was his prerogative, as an ALJ "is entitled to determine the credibility of medical experts as well as lay witnesses and weigh their opinions accordingly." *Britton v. Saul*, 827 F. App'x 426, 431 (5th Cir. 2020).

Indeed, the ALJ is required to "find whether the objective medical evidence shows that the claimant has a medically determinable impairment that could reasonably be expected to produce the claimant's complained-of symptoms . . . ." *Herrera v. Commissioner*, 406 F. App'x 899, 905 (5th Cir. 2010). That is exactly what the ALJ did here. His decision "is supported by . . . credible evidentiary choices [and] medical findings," *Salmond*, 892 F.3d at 816-17, and he built "an accurate and logical bridge between the evidence and the final determination." *Price*, 401 F. App'x at 986. This Court does not have the authority to "reweigh the evidence in the record . . . or substitute its judgment for the Commissioner's, even if the evidence weighs against the Commissioner's decision." *Salmond*, 892 F.3d at 817.

### D. *Conclusion*

For these reasons, the Court **adopts** the Magistrate Judge's Report and Recommendations [16] as the opinion of the Court, **overrules** Plaintiff's objection [17] thereto, and **affirms** the decision of the Commissioner. This case is **closed**.

SO ORDERED AND ADJUDGED this 29th day of March, 2022.

                                        /s/ Keith Starrett
                                            KEITH STARRETT
                             UNITED STATES DISTRICT JUDGE